STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

DORIN MUNTEANU

    Plaintiff,

v.                                    No.
                                    Judge

MARTIN D. CROFT and
NEW-TEX RENTALS, LLC,

    Defendants.

## COMPLAINT FOR DAMAGES AND PERSONAL INJURY

COMES NOW DORIN MUNTEANU, Plaintiff, by and through his counsel of record, in the above entitled and numbered cause, complaining of MARTIN D. CROFT and NEW-TEX RENTALS, LLC, hereinafter referred to as Defendants, and file this Complaint and for cause of action would show this Honorable Court as follows:

1. Plaintiff is a resident of El Paso County, Texas.

2. Defendant CROFT is an individual and may be served with process at 94680 Jerrys Flat Road #18, Gold Beach, Oregon 97444-9518 or wherever he may be found.

3. Defendant NEW-TEX RENTALS, LLC is a foreign limited liability company registered in the State of New Mexico and may be served with process thru its agent for service Robert Gilbert at 1222 W. Cochiti, Hobbs, New Mexico 88240.

4. Pursuant to N.M.S.A. 1978 §38-3-1(F), venue is proper in Santa Fe County, New Mexico because Defendant CROFT is a transient person and non-resident of the state of New Mexico.

5. This is a suit for personal injuries and damages sustained by Plaintiff as a result of an automobile collision that occurred on or about August 24, 2013. More specifically,

1



EXHIBIT 2

Plaintiff was traveling southbound on County Road-222 in Loco Hills, New Mexico. Defendant was traveling northbound on County Road-222. Defendant entered Plaintiff's lane of traffic and caused Plaintiff to veer to the right in order to avoid a collision. Defendant crashed into Plaintiff's semi causing damage to Plaintiff's vehicle and injury to Plaintiff. Defendant was cited for driving on roadways laned for traffic.

6.  Plaintiff would show that at the time on the occasion in question, Defendant failed to use ordinary care in the following particulars:

    a. Driving on roadways laned for traffic

    b. Failure to yield right of way

    c. Failure to keep proper lookout;

    d. Failure to stop; and

    e. Driver inattention.

7.  Each of such acts and omissions, singularly or in combination with others constituted negligence and negligence per se which proximately caused the collision and the injuries to Plaintiff.

8.  Based upon these acts individually and collectively, Defendant Croft failed to exercise that ordinary care which should have been used by a reasonably prudent person under the same or similar circumstances. Each of the preceding acts or omissions of Defendant, whether taken separately or together, was a proximate cause of this collision and thus, the injuries and damages sustained by Plaintiff as a result thereof.

9.  Plaintiff would show at the time of and on the occasion in question, Defendant NEW-TEX RENTALS was engaged in the business of providing rental services to the public and providing semi-trucks for the use of individuals like Defendant CROFT and

training in the use of the equipment. Defendant NEW-TEX RENTALS is responsible for injuries proximately resulting from the negligence of drivers who negligently use equipment. Defendant NEW-TEX RENTALS was negligent in its hiring, training, and supervision of its employees, including Defendant CROFT. Plaintiff's injuries suffered by reason thereof were proximately caused by Defendant NEW-TEX RENTAL's negligent and careless disregard of said duty.

10. As a proximate result of this collision, Plaintiff sustained serious personal injuries to his right shoulder, right knee, neck, lower back and body as a whole.

11. Plaintiff seeks to recover for his past and future medical expenses, past and future physical pain and suffering and mental anguish, past and future physical impairment, past and future lost wages and other incurred expenses.

12. By reason of the above and foregoing, Plaintiff has been damaged and will be damaged in the future in a sum in excess of the minimum jurisdictional limits of this Court.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

Please take notice that pursuant to New Mexico Rules of Civil Procedure, Plaintiff serves the attached interrogatories and requests for production, marked hereto as Exhibit A, to be propounded upon Defendant. The attached interrogatories and requests for production are incorporated by reference as if set forth fully at length. Defendant is hereby instructed to answer the following interrogatories separately, fully, in writing under oath as required by New Mexico Rules of Civil Procedure. The answers and responses shall be served upon the undersigned counsel 45 days after service of these

interrogatories and requests for production. Further, demand is made for supplementation of Defendant's answers and responses to the interrogatories and requests for production as required by the New Mexico Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he recovers judgment against the Defendant for his actual damages as they may appear at trial hereof, prejudgment and post-judgment interest as allowed by law, taxable court costs, and such other relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LOVETT LAW FIRM**
619 Arizona Avenue
El Paso, Texas 79902
(915) 757 9999
(915) 595-4166 Fax

BY: _____
**ROBERT L. LOVETT**
NM Bar No. 8291

**CHRISTOPHER W. RYAN**
NM Bar No. 6189
Attorneys for Plaintiff

4

# EXHIBIT "A"
# INSTRUCTIONS AND DEFINITIONS IN DISCOVERY REQUESTS

## A. INSTRUCTIONS

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it would no longer be located, and the reason(s) for the disappearance. Also, identify each person having knowledge about the disposition or loss and identify of each document evidencing the existence or nonexistence of each document that cannot be located.

## B. DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Defendant" means Defendant, his agents, representatives, and all other persons acting in concert with her, or under her control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Defendant, his successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant, his successors, predecessors, divisions, and subsidiaries.

3. "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circular, pamphlets, photographs, facsimiles, invoices, tape recording, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you. A draft or non-identical copy is a separate document within the meaning of this term.

4. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

5. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

6. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

## PLAINTIFF'S INTERROGATORIES TO DEFENDANTS

1. Please state the full name, address, telephone number, date of birth, social security number, driver's license number, occupation, job title and present employer of the person or persons answering these interrogatories.

ANSWER:

2. State in your own words how the incident made the basis of this lawsuit occurred.

ANSWER:

3. Pursuant to New Mexico Rules of Civil Procedure, regarding each expert used by you for consultation and who is not expected to be called as an expert witness at trial and whose opinion or impressions have been reviewed by a testifying expert, please provide the following:
    (1) the expert's name, address, and telephone number;
    (2) the subject matter on which each such expert was consulted;
    (3) the facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case regarding when and how the factual information was acquired;
    (4) the expert's mental impressions and opinions formed or made in connection with this case, and any methods used to derive them; and,
    (5) the expert's current resume and bibliography.

ANSWER:

4. Please list all convictions of Defendant for felonies and crimes involving moral turpitude, regardless of punishment, that occurred in the past ten (10) years, including the state, county, and court in which the conviction occurred.

ANSWER:

5. Please identify all civil actions for the last ten (10) years in which you were a Defendant involving claims for personal injuries involving vehicular accidents/collisions.

ANSWER:

6. From where had you come and to where were you going at the time the incident made the basis of this lawsuit occurred?

ANSWER:

6

7. If you consumed any alcoholic beverages, any type of drugs, prescriptions or otherwise, or any other form of intoxicant, within the twenty-four (24) hour period immediately prior to the incident in question, please state the type of substance consumed, and the date and time each was consumed.

ANSWER:

8. For the ten (10) years preceding the incident in question give the date and place of every previous vehicular collision in which you have been involved.

ANSWER:

9. For the ten (10) years preceding the incident in question give the date and nature of each and every traffic offense of which you have been charged or cited, including whether you have had your driver's license revoked or suspended) if so, when and why.

ANSWER:

10. Describe what you did immediately after the incident and the names of any persons you talked to about this incident within one month after the date of the incident.

ANSWER:

11. If you deny that the motor vehicle accident made subject of this lawsuit caused the need for Plaintiffs' medical treatment, please identify which dates of treatment you allege were not related to the motor vehicle accident.

ANSWER:

12. If you contend that any opinion rendered by any of Plaintiffs' health care providers in the reports provided within the course of this lawsuit (either before or after the date of these interrogatories) are not "reliable," please state the substance of that opinion and describe the basis for your contention.

ANSWER:

13. If you are alleging that Plaintiffs did anything wrong to cause this accident, please describe what you are alleging Plaintiffs did wrong.

ANSWER:

14. If your vehicle had any mechanical defects prior to the time of the collision, please list those defects and state the date on which they were discovered, by whom they were discovered, and the name and address of any person or company that repaired or attempted to repair the alleged defects.

ANSWER:

15. On the date of the incident, describe the vehicle you were driving. If you will, please include information on ownership and the operating condition of the vehicle. State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

ANSWER:

16. Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

ANSWER:

17. State in detail any damages you claim to have sustained from the incident.

ANSWER:

18. Describe any citation, arrest, claim or other charge that may have been issued you as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such bearing or judgment and any tine, sentence or other penalty imposed.

ANSWER:

19. Describe any other accidents, incidents, license suspension or revocation or traffic citations you have been involved in. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom, including the details of driver's license suspension or revocation actions, if any.

ANSWER:

20. Please state all of your driver's license numbers, states of issuance, expiration dates, any other states you are or have been licensed to operate a motor vehicle, and driver's license numbers for those states, the date you were first licensed to drive, and any date your license was suspended or not renewed.

ANSWER:

21. State the names, addresses and phone numbers of all persons in the vehicle with you at the time of the incident.

ANSWER:

22. State your cell phone number, provider and phone number at the time of this occurrence and any person(s) who you talked to within 20 minutes of this incident.

ANSWER:

23. Were you using your cell phone at the time when the incident happened?

ANSWER:

24. Please state any restrictions that are placed on your ability to drive (e.g., corrective lenses).

ANSWER:

25. Describe the incident and each act or omission of each person in the incident. Do not answer each subcategory separately, but please direct your attention to the following details in answering this interrogatory:
> A. Please state everything that you did, in the order in which it was done, in an attempt to avoid the incident. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.
> B. Please state everything Plaintiffs did or failed to do, which contributed to the incident.
> C. If there were any obstructions to your view at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.
> D. If at the time and place of the incident the visibility of the highway was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.
> E. If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

ANSWER:

9

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANT**

1: Please produce all statements previously made by Defendant or Plaintiffs concerning the subject matter of this lawsuit) including any written statement signed or otherwise adopted or approved by Plaintiffs hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiffs hereto and contemporaneously recorded.

RESPONSE:

2: Please produce all photographs or other tangible things evidencing the scene or vehicles in question.

RESPONSE:

3: Please produce all exhibits which you may use at the trial of this cause.

RESPONSE:

4: Please produce all medical doctors', medical providers' or counselors' records, narratives reports, statements and/or bills pertaining to medical treatment of Plaintiffs.

RESPONSE:

5: Please produce *a* copy of any and all statements previously made by any person with knowledge of the facts or circumstances of this case including any written statements signed or otherwise adopted or approved by witness and any stenographic, mechanical, electrical or other type of recording or a transcription thereof made by the witness and contemporaneously recorded.

RESPONSE:

6: Please produce a copy of all medical records, narratives, reports, statements, and/or copies of any unpaid medical bills that have been presented for payment pertaining to the medical treatment of Plaintiffs which is made the basis of this lawsuit.

RESPONSE:

7: Please produce all settlement agreements with any other persons, firms, corporations. etc., for any liability or damages arising out of the incident made the basis of this lawsuit

RESPONSE:

8: Please produce a certified copy of your driving record from any state agency where you are or have been licensed as an automobile driver at any time in the last ten years.

10

RESPONSE:

9: Please produce all photographs, diagrams, schematics, charts or other graphic depictions of the incident or damages made the basis of this lawsuit.

RESPONSE:

10: Please produce a legible and current copy of your driver's license, front and back.

RESPONSE:

11: Please produce all copies of any reports, notes, or other written materials of any kind from any expert who has been consulted by Defendant either through employees, agents, representatives, or attorneys, whose opinions or impressions have been reviewed by a testifying expert.

RESPONSE:

12: Please produce all investigation materials, witness statements, notes, photographs, diagrams, or other material prepared by an insurance carrier insuring Defendant and created prior to Defendant's hiring of an attorney to defend against this lawsuit.

RESPONSE:

13: Please produce all incident reports or documentation evidencing Plaintiffs' injuries or the collision made the basis of this lawsuit created prior to Defendant's hiring of an attorney to defend against this lawsuit.

RESPONSE:

14: Please produce an investigation materials, witness statements, notes, photographs, diagrams, property damage estimates, or other material prepared by the insurance carrier insuring the automobiles, drivers, or passengers involved in this accident and created prior to Defendant's hiring of an attorney to defend against this lawsuit.

RESPONSE:

15: Please produce all police reports, investigation reports, accident reports, or the like concerning the accident made the basis of this suit.

RESPONSE:

16: Inspection and photographing of the vehicle involved in the collision made the subject of this suit.

RESPONSE:

17: The Declaration Sheet and policy of insurance insuring Defendant in this claim.

RESPONSE:

18: Any photographs, drawings, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the vehicles involved in the collision or Plaintiffs.

RESPONSE:

19: All estimates, work orders, salvage estimates, maintenance records and pictures of the vehicles involved in the collision made the subject of this suit.

RESPONSE:

20: Any suspensions, revocations, or notice thereof, and all related documents concerning your license to operate motor vehicles.

RESPONSE:

21: All ownership documents on the vehicle in question.

RESPONSE:

22: Any indictments, convictions, charges and findings on any criminal charge made against you.

RESPONSE:

23: List of your traffic violations.

RESPONSE:

24: All medical records and bills you receive of Plaintiffs from another source besides Plaintiffs producing it.

RESPONSE:

25: A copy of the title to the vehicle being driven or owned by Defendant at the time in question.

RESPONSE:

26: A copy of any surveillance movies or photographs which have been made of Plaintiffs.

RESPONSE:

27: A copy of any survey or plat made of the accident scene.

RESPONSE:

28: Any and all documents reflecting any disciplinary action for this incident taken against you.

RESPONSE:

29: Produce a copy of your cell phone statement showing incoming and outgoing calls for the month when the incident made the basis of this suit happened. In lieu thereof, please complete and return the attached Authorization for Release of Cell Phone Records.

RESPONSE:

30: Any documents showing the acts or omissions of any party responsible in any way for the injuries to Plaintiffs.

RESPONSE:

31: Any information you obtain, regarding Plaintiffs, from another source besides the Plaintiff producing it.

RESPONSE:

32: All photographs of the vehicle being driven or owned by Defendant that were taken as a result of the collision made the basis of this suit.

RESPONSE:

33: Please provide any information you have which suggests Plaintiffs, Defendant, or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction) disposition, and if probation was imposed, please state *if* the probation was successfully completed.

RESPONSE:

## AUTHORIZATION FOR RELEASE OF CELL PHONE RECORDS

I, **MARTIN D. CROFT**, hereby authorize my cell phone company to release the following records:

My cell phone record for the date of August 24, 2013 ONLY to the following:

Robert L. Lovett
LOVETT LAW FIRM
619 Arizona Avenue
El Paso, Texas 79902
915/757-9999
FAX: 915/595-4166

The name of my cell phone company on August 24, 2013: _____.

My cell phone number or account number on August 24, 2013: _____.

_____
MARTIN D. CROFT

SUBSCRIBED AND SWORN TO BEFORE ME on the _____ day of _____, 2016, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF NEW MEXICO

My Commission Expires:

_____

14