# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DORIN MUNTEANU,

      **Plaintiffs,**

v.                                                  **No. 16-cv-1151 SMV/CG**

MARTIN D. CROFT and
NEW-TEX RENTALS, LLC,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Notice of Removal [Doc. 1], filed by Defendant New-Tex Rentals, LLC, on October 19, 2016.  The Court has a duty to determine whether subject matter jurisdiction exists sua sponte.  *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction.  Therefore, the Court will order Defendant New-Tex Rentals, LLC, to file an amended notice of removal no later than **November 10, 2016**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On October 19, 2016, Defendant New-Tex Rentals, LLC ("New-Tex") filed its Notice of Removal under 28 U.S.C. § 1332.  [Doc. 1] at 1.  The Notice asserts that there is complete diversity between Plaintiff and Defendants and that the amount in controversy exceeds $75,000.  *Id*.  In support of its claim of diversity of citizenship, Defendant New-Tex repeats the assertion

from Plaintiff's Complaint that Plaintiff is a "resident of El Paso County, Texas." *Id.*; [Doc. 1-2] at 1.  Defendant New-Tex further alleges that Defendant Croft is "either a resident of  . . . Oregon or a transient person and non-resident of the state of New Mexico." [Doc. 1] at 1.  It is curious that New-Tex affirmatively pleads that Defendant Croft is a non-resident of New Mexico because even if he were a citizen of New Mexico, such citizenship would not necessarily destroy diversity jurisdiction.  Rather, being a citizen of Texas (assuming that Plaintiff is also a citizen of Texas) would destroy diversity jurisdiction.  *See* § 1333(a)(1) (requiring that the action be between "citizens of different states").  Defendant New-Tex also asserts that it is a "New Mexico limited liability corporation." [Doc. 1] at 1.  However, Defendant New-Tex makes no allegation about the *citizenship* of any of its own members or of any other party.  *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

citizens of different States.  § 1332(a).  When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant  is a citizen of the State in which such action is brought.[1]  *See* 28 U.S.C. § 1441(a), (b).  Jurisdiction under § 1332 requires diversity of *citizenship*.  The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).  Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability companies is different from determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of the states in which it is incorporated and in which it maintains its principal place of business.  *See* § 1332(c).  Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen.  *Siloam Springs*, 781 F.3d at 1234.

Here, the facts set forth in the Complaint and in the Notice of Removal do not sufficiently establish the citizenship of Plaintiff or Defendants.  Both the Complaint and the Notice indicate that Plaintiff is a "resident" of Texas and do not mention his citizenship.  The allegations regarding Defendant Croft are similarly lacking.  Finally, the Notice indicates that Defendant

---

[1] It appears that the forum-defendant rule may not be jurisdictional in the Tenth Circuit and, thus, may be waived if not timely raised by the plaintiff.  *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)).

New-Tex is a "New Mexico limited liability corporation."  If New-Tex is, in fact, a corporation, it must plead both the state of its incorporation and, additionally, its principal place of business. If, however, New-Tex is actually a limited liability company, it must plead the states of citizenship of each and every one of its members.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective.  *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968).  Technical defects, however, may be cured by amendment of the notice.  *See id.* at 300–02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.).   As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be "too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts."   *Hendrix*, 390 F.2d at 301 (footnotes omitted).

Accordingly, the Court will give Defendant New-Tex the opportunity to file an amended notice of removal to properly allege the citizenship each and every party at the time the complaint was filed in state court.  *See Siloam Springs*, 781 F.3d at 1239 ("[I]t is clear the

relevant time period for determining the existence of complete diversity is the time of the filing of the complaint.").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant New-Tex must amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **November 10, 2016**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **November 10, 2016**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**